ROBERT M. FLEMING, Judge Pro Tem.
On December 21, 1969, a clear day, at around 1:30 p. m., Mrs. Loyce Riebschlae-ger was riding as a guest passenger in the right rear seat of a 1969 Chevrolet owned and operated by Jackie Sullivan which vehicle was covered by a liability insurance policy issued by State Farm Mutual Automobile Insurance Company. The car was proceeding on Canal Street in New Orleans towards the lake. At the same time a Liberty Bell Taxicab operated by Lloyd Laine was driving on Dauphine Street in the direction of Canal Street. The vehicles collided. at the intersection of Canal and Dauphine Streets causing damage to the right front of the taxicab and the right rear side of the fender of the Sullivan car. Mrs. Riebschlaeger was injured in this accident and sued Jackie Sullivan and his insurer and the taxicab owner and insurer. Her damages were stipulated to be $6,500, inclusive of all costs and interest to the date of trial, and judgment was rendered in the district court in her favor in that amount against the owners of both vehicles and their insurers. From that judgment an appeal was taken.
The facts indicate that Canal is a wide street having three lanes of traffic on either side of a wide median. Dauphine Street is a two-lane street in the French Quarter. At the time of the accident the traffic was controlled by a stop light. The evidence in the case presented by the Sullivan witnesses indicated that the Sullivan car went through the intersection on an amber light, that is, when the light was changing from green to red, and that the taxicab went through a red light. The evidence on behalf of the taxicab driver is the opposite.
The trial judge did not have and this court does not have any problem at all in ascertaining the facts relating to the collision in view of the fortuitous circumstances that an experienced off-duty member of the New Orleans Police Department was stopped at the traffic signal on Canal Street at this time and saw the whole accident. He testified that the Sullivan vehicle was speeding and entered the intersection in violation of a red light and further that he, the officer, had been stopped for at least ten seconds by the same red light before the accident occurred. The district court found that it was obvious that Mr. Sullivan was driving over a violative light in the left lane of traffic. The trial court also found that the driver of the taxicab was negligent in failing to constantly maintain a lookout in entering the intersection even though favored with a green light.
We agree with the findings of fact of the trial court but disagree with his conclusion insofar as the negligence of the taxicab driver is concerned. The taxicab driver had stopped his car on Dauphine Street waiting for the signal to turn green. As the signal was changing there was one car in the right lane of traffic on Canal and another car in the center lane of traffic that had stopped for the red light. Officer Dillon was in the right lane on Canal Street. If the Sullivan car was going 35 miles per hour as was indicated and Officer Dillon had been stopped for ten seconds by the red light, the Sullivan car would have been some 500 feet from the intersection when the light changed. Mr. Laine could not have seen this car especially in view of the fact that there were two other cars blocking his view. In the case of Youngblood v. Robison, 239 La. 338, 118 So.2d 431 (1960), the court observed that when a crossing is protected by an electric sema *809 phore light it is not essential for the favored driver to look for violations by side street traffic facing the red light for that traffic is not only required to stop but to remain stationary until the semaphore changes to green. That court has given implied recognition to this distinction and has specifically held that it is not necessary for one intending to traverse an intersection on a green semaphore light to look to the left or the right before entering. It should be noted that the favored vehicle was moving and not starting from a stopped position. And more recently in Bourgeois v. Francois, 245 La. 875, 161 So.2d 750 (1964), the Supreme Court exonerated the driver who entered the intersection on a green light even though the driver observed a speeding car approaching. It said:
“ * * * it is now settled that it is only in exceptional circumstances, where the motorist on the favored street could have avoided the accident by the exercise of the slightest sort of observation and care, that he will be found derelict.”
‡ ‡ if* % >ft ífc
“If a motorist, entering an intersection properly on a green traffic light and proceeding lawfully through it, must do so at his peril, then traffic signals cease to be safety signals and become traffic traps.”
 In light of this jurisprudence we find that there was no negligence on the part of Mr. Laine, the driver of the taxicab in attempting to cross Canal Street with a favorable green light. Not only was Laine’s view possibly obstructed but he had no duty to look in the first place. See also the recent case decided by this court on August 21, 1973 of Carrege et al. v. Webb et al., 284 So.2d 355.
The judgment of the district court holding Lloyd G. Laine, Liberty Bell, Nola Cabs, Inc., (Nola Bonding Company) liable in solido with the other defendants for damages is reversed and that judgment in favor of Third Party Plaintiffs Jack Sullivan and State Farm Mutual Automobile Insurance Company against Third Party Defendants above named is reversed and it is now ordered that plaintiffs’ suit against these defendants be dismissed, and that the judgment in favor of plaintiff and against Jack Sullivan and State Farm Mutual Automobile Insurance Company be affirmed at the cost of these defendants.
Reversed in part and affirmed.